CLINTON W. SEARS, for the use, etc., Plaintiff in Error, *v.* TRUSTEES OF THE ILLINOIS WESLEYAN UNIVERSITY, Defendants in Error.

ERROR TO McLEAN.

An acknowledgment by the secretary of the board of trustees of the Wesleyan University of Illinois, that there is due to A B, a certain sum, is not a negotiable instrument.

The secretary of this university not authorized to give such acknowledgment.

THE corporation, the defendant in error, was indebted to Sears for services as a teacher. Sears got from the secretary of the corporation a statement of the indebtedness in writing.

Sears, under his own hand, assigned this debt to Shaffer, and guaranteed the payment of the amount to him, and Shaffer assigned this to Goodloe, Twyman & Hoskins, the beneficial plaintiffs below; and they in the name of Sears, for their use, sue the corporation for the amount. There is a special count on the instrument and the common counts for work and labor, etc.; and an account is filed on the original indebtedness. The plea is the general issue. Plaintiffs proved on the trial the signature of the secretary of the corporation to the instrument given by the secretary to Sears, and that the indorsement and guaranty on the same was in Sears' handwriting; also, the handwriting of Shaffer to the assignment of the same to Goodloe & Co. They then gave the paper in evidence; and proved from the books of the corporation that the corporation owed Sears, and proved that Shaffer was indebted to Goodloe & Co., in a large amount, that Goodloe & Co. were about to sue him, and that to prevent a suit, Shaffer assigned to Goodloe & Co., and gave them the claim sued on, with others, as collaterals; that Goodloe & Co. took it in good faith, believing it to be Shaffer's, and did not sue Shaffer at that time; that all the collaterals given by Shaffer to Goodloe & Co. were not enough to pay them, if they were good; that the debt from Shaffer to Goodloe & Co. is not paid, and that Shaffer is insolvent.

The defense proved, against the objections of plaintiffs, that the secretary had not, by the charter and by-laws of corporation, a right to give an instrument to bind the corporation. He could draw orders on the treasury by the order of the board. That the secretary told Sears at the time he gave the instrument, that he could not by it bind the corporation. That on November 27, 1857, said Sears made a general assignment for the benefit of his creditors, including in the assignment this claim; that the assignee was Owen T. Reeves, Jr., secretary of the board, that gave him the statement of indebtedness; deed of assignment was recorded November 28, 1857; that the board of corporation having been notified of the assignment, did, on the 9th of December, 1857, settle said indebtedness with said Reeves, assignee, by giving to him a

note for the indebtedness, due from the corporation to Sears, which note was over-due and unpaid, and had not been assigned, and a mortgage to secure the same; that the board had no notice that Goodloe & Co. had this claim until the commencement of this suit; that Shaffer really took the claim from Sears for collection.

The assignment of errors is, that the court erred in admitting the evidence for defendant below.

R. E. WILLIAMS, for Plaintiff in Error.

Reeves, the assignee for the benefit of creditors, gave nothing for the claim, and although the debt due from Sears would support the assignment, yet neither the assignee nor beneficiary are purchasers for value without notice, and the assignee was in no better situation to claim this money as against us than Sears, the assignor. Rights pass to the assignee for value, subject to all the equities between the original parties. *Stow* v. *Yarwood et al.,* 20 Ill. 497; *Wheeler* v. *Wheeler,* 9 Cow. 34; *Frear* v. *Evertson,* 20 Ill. 42. But although he takes it subject to the equities of the assignor, he does not take it subject to latent equities of third parties; and this where he gives value. *Murray* v. *Lylburn,* 2 J. Ch. 442; *Livingston* v. *Dean,* ibid, 480.

Courts of law will protect the rights even of an equitable assignee against all the acts of his assignor afterwards done. *Chapman* v. *Shattuck,* 3 Gilm. 52; *Fitzpatrick* v. *Beaty et al.,* 1 Gilm. 469; *Brown et al.* v. *Slagg,* 14 Ill. 520.

Courts of law will protect the rights of assignees against all persons having either express or implied notice of the assignment. *Briggs* v. *Dorr,* 19 J. 95; *Dawson* v. *Coles,* 16 J. 51; *Anderson* v. *Van Allen,* 12 J. 343; *Van Vetchen* v. *Graves,* 4 J. 403; *Litchfield* v. *Story,* 3 J. 425.

Sears having guaranteed the payment to Shaffer, by writing under his own hand, on the back of the instrument, put it in the power of Shaffer to practice a fraud upon innocent parties; and his assignment and guaranty on the back of the certificate was not only a good assignment in equity, by Sears to Shaffer, of the amount due from the corporation to Sears,

13

but was, in fact, a promissory note from Sears to Shaffer for that amount. Goodloe & Co. took the claim from Shaffer in good faith, as the evidence shows, and for a valuable consideration; for the assignee of a chose in action, who takes it as collateral security for a debt, has a power coupled with an interest, and will be protected. See *Wheeler* v. *Wheeler*, 9 Cow. 34, supra. Therefore Sears is estopped from setting up any claim to it as against Goodloe & Co. *Cochran* v. *Harrow*, 22 Ill. 349; *Petrie* v. *Freter*, 21 Wend. 172—a strong case; *Foster* v. *Newland*, 21 Wend. 94; 19 Wend. 559; *Dezel* v. *Odel*, 3 Hill, 215.

O. T. REEVES, and BRIER & BIBEH, for Defendant in Error.

We insist that plaintiffs are not *bona fide* purchasers for a valuable consideration. They were bound to know the law, and that Reeves had no power to bind the defendant, as secretary of the board. The unauthorized act of an agent is not binding upon his principal, (*Williams* v. *Merritt*, 23 Ill. 623); much less will that of a secretary, whose limited duties are clearly defined.

Shaffer, the assignor of Goodloe & Co., merely held it from Sears for collection — none of the incidents of promissory notes or commercial paper went with it. Plaintiffs obtained nothing but an equity, even if it had been fairly obtained; and Shaffer had no equitable claim to the debt.

Plaintiffs, to retain their equitable rights, were compelled to give the defendants notice before any other person acquired rights. 2 Story's Equity, 2nd ed., secs. 1,047 and 1,057.

BREESE, J. The memorandum of indebtedness given by the secretary of the corporation to Sears, was not a negotiable instrument, and therefore, not assignable, nor had the secretary any authority to give it. This being so, the *cestui que use* cannot allege they are innocent purchasers from Schaeffer, to whom Sears had assigned the memorandum for the purpose of collection. Although they were ignorant of this

fact, they were not ignorant of the want of negotiability of the paper, and they took it at all risks. The university, ignorant of this proceeding, had a settlement with Sears, who had made an assignment, and executed to his assignee a note secured by mortgage, for this same debt. This they are bound to pay, and it is the only obligation binding upon them either in law or equity. The *cestui que use,* to have availed of this fraudulent transfer by Schaeffer to them, should have given the university notice, in which case, the court might protect their supposed equity. Not having done so, and the university having issued a binding obligation, without notice, to pay the debt to other parties, it would be doing great injustice to hold them bound for this debt.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*